# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MOSES PORTER,

           Petitioner,          Case Number: 2:09-CV-14880

v.          HON. GEORGE CARAM STEEH

BLAINE LAFLER,

           Respondent.

_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Moses Porter, a state inmate currently incarcerated at the Florence Crane Correctional Facility in Coldwater, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions for two counts of second-degree criminal sexual conduct and three counts of fourth-degree criminal sexual conduct. Respondent has filed a Motion to Dismiss on the ground that the petition contains unexhausted claims.

## I.

Petitioner pleaded guilty in Oakland County Circuit Court to one count of second-degree criminal sexual conduct, two counts of third-degree criminal sexual conduct, and two counts of fourth-degree criminal sexual conduct. He was sentenced as a third habitual offender to three concurrent terms of 8 years 5 months to 30 years for the second- and third-degree criminal sexual conduct convictions, and two concurrent terms of 16 to 48 months for the fourth-degree criminal sexual conduct convictions.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals raising a claim that the trial court erred when it enhanced Petitioner's sentence, resulting in a disproportionate sentence. The Michigan Court of Appeals denied leave to appeal. *People v. Porter*, No. 286532 (Mich. Ct. App. Aug. 13, 2008).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claim presented to the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Porter*, No. 137333 (Mich. Nov. 25, 2008).

In March 2009, Petitioner filed a motion for relief from judgment in the trial court, raising the following claims:

> I. Trial counsel rendered ineffective assistance of counsel in violation of the Sixth Amendment where counsel did not adequately communicate with Defendant before the plea.
>
> II. Defendant's plea was not voluntary as he was forced to choose between trial with unprepared counsel and pleading guilty with sentence agreement.

The trial court denied the motion. *People v. Porter*, No. 2006-209103-FC (Oakland County Cir. Ct. Sept. 9, 2009). The trial court denied a subsequent motion for reconsideration. *People v. Porter*, No. 2006-20913-FC (Oakland County Cir. Ct. Oct. 8, 2009). Petitioner did not file an application for leave to appeal that decision in the Michigan Court of Appeals.

On December 10, 2009, Petitioner filed the pending petition for a writ of habeas corpus. He raises the same claims raised in his motion for relief from judgment. Respondent has filed a motion to dismiss on the ground that the claims raised in the petition are unexhausted.

**II.**

Respondent argues that the petition should be dismissed because Petitioner's second, third, and fourth claims are unexhausted. The doctrine of exhaustion of state remedies requires

2

state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Reese*, 822 F.2d 1418, 1420 (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

Petitioner has failed to present his claims to the Michigan Court of Appeals or Michigan Supreme Court. M.C.R. 7.205(F) allows an applicant twelve months from the entry of the judgment or order being appealed to file a delayed application for leave to appeal in the Michigan Court of Appeals. The trial court denied Petitioner's motion for reconsideration on October 8, 2009. Accordingly, the time for filing a delayed application for leave to appeal in the Michigan Court of Appeals has not expired. Therefore, petitioner has an available remedy in state court to exhaust his claims, and has not shown that exhaustion would be futile.

3

Where a petition contains both exhausted and unexhausted claims, a district court may dismiss the unexhausted claims, retain jurisdiction over the exhausted claims, and stay proceedings pending exhaustion. *Rhines v. Weber*, 544 U.S. 269, 278, 125 S. Ct. 1528, 1535 (2005); *Griffin v. Rogers*, 308 F.3d 647, 652, n.1 (6th Cir. 2002). The Sixth Circuit Court of Appeals also has approved a district court's dismissal of a mixed petition where the district court's order of dismissal provided safeguards such that the dismissal would not jeopardize the timeliness of a future habeas petition. *Hargrove v. Brigano*, 300 F.3d 717, 719-721 (6th Cir. 2002). In this case, the petition contains no exhausted claims over which the Court may retain jurisdiction. Thus, the Court finds the most reasonable approach to be a dismissal without prejudice so that Petitioner may pursue exhaustion of his state court remedies. The Court is mindful that, in dismissing a petition without prejudice, a district court must not "'jeopardize the timeliness of a collateral attack.'" *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), *quoting Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001). The Court, thus, shall adopt the safeguards approved by the Sixth Circuit in *Hargrove*, 300 F.3d at 719-721. The Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from the date Petitioner filed his petition, December 10, 2009, until he returns to federal court. This tolling of the limitations period is conditioned upon Petitioner filing an application for leave to appeal in the Michigan Court of Appeals before the time for doing so expires and returning to federal court within thirty days of exhausting his state remedies. *See Id.* at 721.

### III.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules

Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04 (2000) (citation omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be dismissed without prejudice. Therefore, the Court denies a certificate of appealability.

**IV.**

Accordingly, for the foregoing reasons, IT IS ORDERED that Respondent's "Motion to Dismiss Petition for Failure to Exhaust State Court Remedies" is GRANTED and the petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.

It is further ORDERED that a certificate of appealability is DENIED.

Dated: August 31, 2010

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 31, 2010, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---